IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:20-cv-00125-MR

DEVON A. GAYLES EL,[1]         )
                                )
           Plaintiff,           )
                                )
vs.                             )
                                )
STATE OF NORTH CAROLINA INC.,   )
et al.,                         )         **ORDER**
                                )
           Defendants.          )
_____ )

**THIS MATTER** is before the Court on initial review of the Amended Complaint [Doc. 2].[2] Plaintiff is proceeding *in forma pauperis*. [Docs. 12, 14]. Also pending is Plaintiff's "Motion to Proceed to Consular Court with Blue Ribbon Jury" [Doc. 8] and "Motion to Request for Admissions" [Doc. 9]

## I.    BACKGROUND

*Pro se* Plaintiff, who is presently incarcerated at the Calcedonia Correctional Institution for offenses including second-degree murder, filed this civil rights suit pursuant to 42 U.S.C. §§ 1983 and 1985. He also purports

---

[1] According to the North Carolina Department of Public Safety's website, Plaintiff's name is Devon Armond Gayles. See https://www.ncdps.gov/dps-services/crime-data/offender-search (last visited Oct. 8, 2020).

[2] The Amended Complaint was docketed just five days after the initial Complaint, and before the initial Complaint had been reviewed for frivolity.

to seek a writ of habeas corpus. Plaintiff names as Defendants more than 80 entities and individuals including: Roy Cooper, former North Carolina acting Attorney General; Erik A. Hooks, the Secretary of the North Carolina Department of Public Safety; and various law enforcement personnel, magistrate judges, and attorneys. Plaintiff appears to have filed the action in this Court because his present incarceration resulted from a criminal prosecution in Buncombe County Superior Court.

Plaintiff alleges that he is a Moorish sovereign citizen over whom United States federal and state courts lack jurisdiction. He alleges that the State of North Carolina has denationalized him by identifying him as a Black American citizen, and that his arrest, prosecution, conviction, and criminal appeals were invalid. He claims that, due to his incarceration, he is a hostage of the State of North Carolina in violation of the United States Constitution, international law, treaties, and federal statutes.

Plaintiff seeks injunctive relief including release from the unconstitutional incarceration, compensatory and punitive damages, and declaratory judgment. [Doc. 2 at 62-64].

II. **STANDARD OF REVIEW**

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Amended Complaint to determine whether it is subject to

dismissal on the grounds that it is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see 28 U.S.C. § 1915A (requiring frivolity review for prisoners' civil actions seeking redress from governmental entities, officers, or employees).

In its frivolity review, a court must determine whether the Amended Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a *pro se* complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III.  DISCUSSION

Plaintiff presents a combination of what are commonly called the "Moorish Nation" and broader "Sovereign Citizen" arguments. Both of these lines have been universally rejected by the courts across this country, and they fare no better in combination. Plaintiff asserts claims under the discredited "Sovereign Citizen" theory in an attempt to avoid jurisdiction over

him and his criminal convictions.  See United States v. White, 480 F. App'x 193, 195 (4th Cir. 2012) (finding "no merit in [defendant's] claim that the district court lacked jurisdiction over his prosecution because his ancestors had been illegally seized and brought to the United States"); United States v. Ulloa, 511 F. App'x 105, 106 n. 1 (2d Cir. 2013) ("sovereign citizens are a loosely affiliated group who believe that the state and federal governments lack constitutional legitimacy and therefore have no authority to regulate their behavior"); United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status ... as a "sovereign citizen" [or] a "secured-party creditor," ... that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily"); United States v. Schneider, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing the "sovereign citizen" arguments as having "no conceivable validity in American law"); United States v. Jagim, 978 F.2d 1032, 1036 (8th Cir. 1992) (holding that defendant's "sovereign citizen" argument was "completely without merit" and "patently frivolous").

Plaintiff "attempt[s] to benefit from the protections of federal and state law while simultaneously proclaiming ... independence from and total lack of responsibility under those same laws."  El–Bey v. United States, No. 1:08CV151, 2009 WL 1019999, at *1 (M.D.N.C. Jan. 26, 2009).  The United

4

States has not recognized the so-called "Moorish Nation" as a sovereign. Id.; United States v. $7,000.00 in United States Currency, 583 F.Supp.2d 725 (M.D.N.C. 2008). Any claim, therefore, that Plaintiff is "not subject to the laws of North Carolina because of [his] alleged Moorish nationality" must be considered frivolous. See, e.g., El–Bey v. North Carolina, No. 5:11-CV-00423-FL, 2012 WL 368374, at *2 (E.D.N.C. Jan. 9, 2012). Plaintiff's attempts to obtain damages and other relief for the alleged violation of his Moorish rights are, therefore, frivolous.

It appears that Plaintiff is also seeking judicial review of the criminal convictions and/or sentences that were allegedly obtained in violation of his rights as a Moorish citizen. Federal law opens two main avenues of relief on complaints related to imprisonment: a petition for habeas corpus pursuant to 28 U.S.C. § 2254 and a civil rights complaint under § 1983. See Muhammad v. Close, 540 U.S. 749, 750 (2004); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." Id.

To the extent that Plaintiff seeks to challenge his confinement in his criminal cases, such claims are not cognizable in this civil rights action. A blank § 2254 petition form will be provided to Plaintiff so that he may pursue habeas corpus relief, if he desires to do so.

5

Case 1:20-cv-00125-MR   Document 15   Filed 10/13/20   Page 5 of 6

Accordingly, the Amended Complaint will be dismissed as frivolous and for failure to state a claim upon which relief can be granted. The dismissal will be with prejudice because amendment would be futile. Plaintiff's pending Motions will be denied as moot.

## IV. CONCLUSION

In sum, the Amended Complaint is dismissed with prejudice as frivolous and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).

**IT IS, THEREFORE, ORDERED** that the Complaint is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Plaintiff's "Motion to Proceed to Consular Court with Blue Ribbon Jury" [Doc. 8] and "Motion to Request for Admissions" [Doc. 9] are **DENIED AS MOOT**.

The Clerk is directed to close this case.

**IT IS SO ORDERED.**

Signed: October 12, 2020

Martin Reidinger
Chief United States District Judge